## Salvador Menéndez, Appellant, *v.* Registrar of Property of Caguas, Respondent.

No. 889.   Submitted April 21, 1933.—Decided May 12, 1933.

*González Fagundo & González, Jr.,* for appellant.   The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the Court.

An execution sale of a property made by the marshal of the District Court of Humacao was recorded in the Registry of Property of Caguas with the curable defect that the attachment which the marshal stated to have levied on the property had not been recorded in the registry.   The party interested in the record took the present appeal because he maintains that the record of the attachment in the registry was not necessary and, hence, the said curable defect does not exist.

In an ordinary action brought in said court for the foreclosure of a mortgage, judgment was rendered in favor of plaintiff for a certain sum, and in order to enforce the same the marshal of the court was directed to satisfy it out of the personal property of the debtor, and if none could be found, then out of his real property found in the district.   In compliance with said order the marshal attached and subsequently sold the property involved in this appeal.   Said attachment was not recorded in the registry.

The registrar maintains that his ruling on the curable defect is supported by the Act relating to judgments and the manner of satisfying them, approved March 9, 1905 (Session Laws, p. 115), since section 1 thereof provides that in the judgments rendered in suits for the foreclosure of a mortgage it shall be ordered that the plaintiff recover his debt, damages, and costs with a foreclosure of his lien on the property subject thereto, for which purpose an order of sale shall be issued to the marshal, directing him to seize and sell the property in satisfaction of the judgment; and if the mortgaged property can not be found or if the proceeds of such sale be insufficient to satisfy the judgment, then to secure the money out of other property of the defendant; and section 5 of said act provides that in order to make a levy on immovable property, it shall not be necessary for the officer to go upon the property, but shall be sufficient for him to endorse such levy on the writ of execution, describing the property and sending a copy of the writ, with the endorsement thereon, to the registrar of property of the district, to be noted in the registry.

It is not necessary for us to stop to determine the scope and application of those provisions, since they have no bearing on the instant case, for although the action herein is styled one for the foreclosure of a mortgage, the judgment did not order that plaintiff recover his debt through the sale of the mortgaged property but confines itself to adjudging that the plaintiff recover the amounts claimed by him and it was directed that the judgment be satisfied out of the personal property of the debtor and if this be insufficient, then out of his real property, for which reason the applicable law is section 250 of the Code of Civil Procedure, which provides that the marshal must execute the writ against the property of the judgment debtor, by levying on a sufficient amount of property, if there be sufficient, and selling the same in order to pay to the plaintiff the amount fixed in the judgment.

It was not necessary that the attachment levied by the marshal should have been noted in the registry of property, nor did the failure to do so cause a curable defect in the sale. This question was decided adversely to the contention of the registrar in the case of *Font* v. *Rosales,* 42 P.R.R. 606, and more recently in the case of *Martínez* v. *Registrar,* 44 P.R.R. 616, which latter case is very similar to the one at bar, for in that case also the attachment levied by the marshal was not recorded in the registry of property.

The decision appealed from must be reversed.